[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATIONS TO CONFIRM AND VACATION ARBITRATION AWARD, AND RE THE EFFECT OF PUBLIC ACT 93-77
Plaintiff Thomas Bayusik brings this claim to recover underinsured motorist benefits for injuries that he allegedly sustained in a July 4, 1986 motor vehicle accident. At the time CT Page 8216-b of the accident the plaintiff was a passenger in a vehicle owned by Adam Leszczak. Mr. Leszczak was insured by defendant Aetna Life Casualty Company ("Aetna").
In March 1988, the plaintiff filed suit against David Ashe, the operator of the vehicle that collided with Leszczak's vehicle. On March 23, 1989 the plaintiff notified Aetna of his claim for underinsured motorist benefits. The plaintiff is a "covered person" under the uninsured motorist clause of Leszczak's policy. On May 25, 1989, the plaintiff settled with Mr. Ashe for $20,000.00, the maximum amount available under Ashe's policy. On April 11, 1990, the plaintiff made a written demand for arbitration to Aetna.
The plaintiff's claim against Aetna was submitted to arbitration on December 21, 1992. At the hearing, Aetna raised the issue of the two year statute of limitations for making a demand for arbitration contained in the policy that it issued to Leszczak. On April 29, 1993, the arbitrators denied the plaintiff's claim based on his failure to make written demand for arbitration within two years of the accident. CT Page 8216-c
On May 6, 1993, Aetna filed an application to confirm the arbitration award. On May 24, 1993, the plaintiff filed an application to vacate the arbitration award. Both parties have filed briefs in support of their respective positions.
The plaintiff contends that the arbitrators decision should be vacated pursuant to Public Act 93-77, which renders ineffective Aetna's two year contractual limitations period for demanding arbitration for underinsured motorist benefits. The plaintiff argues that because he is not a "contracting party" with Aetna, his limitations period for making a demand for arbitration should start to run on the date that he settled with the tortfeasor for the tortfeasor's policy limits. The plaintiff also argues that the contractual limitations period in Aetna's policy is ambiguous, and that Aetna has waived the limitations provision and should be estopped from asserting it to deny coverage.
In support of its application to confirm the arbitration award, Aetna argues that even if P.A. 93-77 applies retroactively to the plaintiffs claim, the plaintiffs demand for arbitration is still CT Page 8216-d untimely. Aetna also argues that its policy language is clear and unambiguous, and that it did not waive the contractual limitations period for bringing an underinsured motorist claim.
The Aetna policy considered by the arbitrators provides in pertinent part:
 Part C. Uninsured Motorist Coverage. . . .5. . . .If we and a covered person do not agree:
 1. Whether that person is legally entitled to receive damages. . . or
 2. On the amount of damages; the covered person may make a written demand for arbitration within 2 years of the date of accident. . . .
The arbitrators' decision, rendered on April 29, 1993, denied coverage to the plaintiff based on the plaintiffs failure to file a demand for arbitration within the two year contractual statute of limitations period contained in the policy that Aetna issued to CT Page 8216-e Adam Leszczak.
Subsequent to the arbitrators' decision, the Legislature of the State of Connecticut enacted Public Act 93-77, which significantly modified General Statutes 38a-290 and 38a-336.[1] The act was signed by the Governor, and became effective as of May 20, 1993.
Section One of Public Act 93-77 amends General Statutes38a-290 so that it now provides:
 This section shall not apply to. . . arbitration claims under the uninsured or underinsured motorist provisions of a motor vehicle insurance Policy.
P.A. 93-77, Sec. 1.
Section Two of Public Act 93-77 adds a new subsection to General Statutes 38a-336 which provides that:
(e) No insurance company doing business in this state may CT Page 8216-f limit the time within which any suit may be brought against it or any demand for arbitration on a claim be made on the uninsured or underinsured motorist provisions of a motor vehicle policy to a period of less than three years from the date of the accident, provided, in the case of an underinsured motorist claim the insured may toll the applicable limitation period (1) by notifying such insurer prior to the expiration of the applicable limitation period, in writing, of any claim which the insured may have for underinsured motorist benefits and (2) by commencing suit or demanding arbitration under the terms of the policy not more than one hundred eighty days from the date of exhaustion of the limits of liability under all automobile bodily injury liability bonds or automobile insurance policies applicable at the time of the accident by settlement or final judgments after any appeals.
P.A. 93-77, Sec. 2.
Section Three of Public Act 93-77, which refers to certain pending uninsured motorist claims, provides that: CT Page 8216-g
 No uninsured or underinsured motorist claim or action pending on December 8, 1992, or brought after said date and prior to the effective date of this act, in which a settlement has not been reached or a final judgment has not been rendered prior to the effective date of this act, shall fail by reason of any contractual limitation in a motor vehicle insurance policy which limits the time within which such claim shall be submitted to -arbitration or such action shall be commenced to a period of time less than that allowed under section 38a-336 of the general statutes as amended by section 2 of this act.
(Emphasis added.) P.A. 93-77, Sec. 3.
The present arbitration proceeding was pending on December 8, 1992, and a final judgment[2] had not been entered prior to May 20, 1993, the date that P.A. 93-77 went into effect. Thus, P.A. 93-77, by its own terms-set out in section 3-is applicable to the present proceeding. Pursuant to P.A. 93-77, section 3, the plaintiff' s claim for underinsured motorist benefits cannot fail because of a contractual limitations period which limits the time for submitting CT Page 8216-h such a claim to a period of time which is less than the time allowed under General Statutes 38a-336(e) (as amended byP.A. 93-77, Sec. 2).
Section 38a-336(e), as amended, provides that an insurer cannot limit the time within which a demand for arbitration on an underinsured motorist claim can be made to a period of less than three years from the date of the accident. In the present case Aetna's two year contractual limitations period is violative of38a-336(e), and the arbitrators' reliance on Aetna's two year limitations period in denying the plaintiff's claim appears to be erroneous in light of 38a-336(e). However, even if the three year limitations period contained in 38a-336(e) is applied to the present case, the plaintiff's demand for arbitration would still be untimely because it was not made within three years of the date of the accident, inasmuch as the accident occurred on July 4, 1986 and the demand for arbitration was made on April 11, 1990.
Section 38a-336(e) provides an alternate method by which a claimant may toll a contractual limitations period. Section 38a-336
(e)(1) provides in pertinent part that the claimant may toll the CT Page 8216-i limitations period by giving the insurer written notice of the claim for underinsured motorist benefits prior to the expiration of the applicable limitations period, and 38a-336(e)(2) provides that the claimant may then demand arbitration within one hundred eighty days "from the date of exhaustion of the limits of liability under all . . . automobile insurance policies applicable at the time of the accident by settlement or final judgments after any appeals."
In the present case, the plaintiff gave Aetna written notice of his claim for uninsured motorist benefits on March 23, 1989, which was within the three year limitations period provided by38a-336. Thus, the plaintiff has complied with the first requirement for tolling the contractual limitations period (as stated in38a-336(e)(1).
In order to comply with the mandates of 38a-336, the claimant, after tolling the contractual limitations period pursuant to 38a-336(e)(1), must demand arbitration pursuant to 38a336(e)(2) within one hundred eighty days from the date of exhaustion of the limits of liability under all automobile insurance CT Page 8216-j policies applicable at the time of the accident. On May 25, 1989, the plaintiff settled with tortfeasor David Ashe for the limits of his policy. However, the plaintiff did not make a demand for arbitration within one hundred eighty days of this settlement. Although the plaintiff made his demand for arbitration on April 11, 1990 at the time of the accident, the plaintiff was insured by Nationwide Mutual Insurance Company ("Nationwide"). As stated in a cover letter attached to the arbitrators' decision, the hearing was "bifurcated" as to the two insurers, Nationwide and Aetna, and their respective obligations to pay underinsured motorist benefits to the plaintiff. On April 29, 1993, the arbitrators filed their decision with respect to Aetna. However, as of April 29, 1993, the arbitrators had not decided whether the plaintiff was entitled to collect underinsured motorist benefits from Nationwide. Since Nationwide's obligation to pay underinsured motorist benefits to the plaintiff had not been decided as of April 29, 1993, and the plaintiff and Nationwide had not reached a settlement as of that date, the plaintiff's written demand to Aetna for arbitration, dated April 11, 1990, was made well before all applicable automobile insurance policies were exhausted, and well before the one hundred eighty day period of 38a-336(e)(2) CT Page 8216-k could begin to run. Therefore, the contractual: limitation period was tolled as to Aetna by virtue of the amended provisions of General Statutes 38a-336.
Accordingly Aetna's application to confirm the arbitration award is denied, and the plaintiff's application to vacate the arbitration award is granted, so that the arbitrators may consider the coverage issue in light of the amendments to General Statutes38a-336 and the newly enacted P.A. 93-77, sec. 3.
Jones, J.